UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HOWARD BARRON, INDIVIDUALLY
AND AS TRUSTEE OF THE
HOWARD BARRON REVOCABLE        Case No. 2:21-CV-10226
LIVING TRUST U/A/D 10/11/95, AND
HOWARD B. YOUNG, AS TRUSTEE OF
THE RESTATED HOWARD B. YOUNG
REVOCABLE TRUST DATED 6/28/93,

    Plaintiffs/Petitioners,

vs.

ARETE WEALTH MANAGEMENT LLC,

    Defendant/Respondent.
_____

BUTZEL LONG, P.C.
Donald V. Orlandoni (P71133)
150 W. Jefferson, Ste. 100
Detroit, Michigan  48226
(313) 225-5314
orlandoni@butzel.com

LEVIN LAW, P.A.
Brian Levin (P81922) (*Not Yet Admitted*)
2665 South Bayshore Drive, PH2B
Miami, Florida  33133
(305) 539-0593
brian@levinlawpa.com

DIMOND KAPLAN & ROTHSTEIN, P.A.
Jeffrey B. Kaplan (FL039977) (*Not Yet Admitted*)
2665 South Bayshore Drive, PH2B
Miami, Florida  33133
(305) 374-1920
jkaplan@dkrpa.com
_____

## PETITION AND MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioners, Howard Barron, individually, and Howard B. Young, as trustee of the Restated Howard B. Young Revocable Trust Dated 6/28/93 (collectively, "Petitioners"), respectfully request confirmation of a Financial Industry Regulatory Authority Dispute Resolution Services ("FINRA-DR") arbitration award (the "Arbitration Award") entered on January 28, 2021 in favor of Petitioners, and against Arete Wealth Management LLC ("Arete" or "Respondent"), a copy of which is attached hereto as **Exhibit A**.

## INTRODUCTION AND FACTS

1.   This action seeks confirmation of the Arbitration Award issued by a FINRA-DR arbitration panel after an evidentiary hearing held by Zoom for an arbitration proceeding in Detroit, Michigan.

2.   Petitioners demanded arbitration pursuant to FINRA Rule of Arbitration Procedure 12200, which permits customers of FINRA-member firms to demand arbitration against FINRA-member firms even in the absence of a separate, written arbitration agreement.  On or about April 25, 2019, Petitioners sued Respondent in a FINRA-DR arbitration for investment losses suffered as a result of, *inter alia*, Arete's (a) negligent due diligence conducted on a private placement investment called GPB Capital Automotive, L.P. ("GPB Auto"); (b)

2

negligent approval of GPB Auto for sale to Arete's customers; and (c) misrepresentations and omissions in connection with the sale of GPB Auto to Petitioners. *See* FINRA-DR Case Number 19-01143 (hereinafter the "Arbitration Proceeding").[1]

3. The three-member FINRA arbitration panel in the Arbitration Proceeding, which was constituted in Detroit, Michigan, conducted a full evidentiary hearing by Zoom, received documentary and testimonial evidence, and heard legal arguments from January 11 to 14, 2021.

4. On or about January 28, 2021, the FINRA arbitration panel delivered the Arbitration Award to the parties electronically via the FINRA-DR Portal. Through the Arbitration Award, the FINRA arbitration panel granted Petitioners all relief requested by them and rendered an award against Arete totaling $514,871.98. In relevant part, the Arbitration Award provides as follows:

### AWARD

1. Barron having tendered back to Respondent the investments at issue as of January 15, 2021, Respondent is liable for and shall pay to Barron the sum of $105,306.05 in compensatory damages.

---

[1] Howard Barron, as trustee of the Howard Barron Revocable Living Trust U/A/D 10/11/95, originally was named as a Claimant in the Arbitration Proceeding. The FINRA arbitrators granted Claimants' motion to add Howard Barron, the settlor, trustee, and beneficiary of the Howard Barron Revocable Living Trust U/A/D 10/11/95, as a Claimant to the Arbitration Proceeding in his individual capacity.

2. HBY Trust having tendered back to Respondent the investments at issue as of January 15, 2021, Respondent is liable for and shall pay to HBY Trust the sum of $81,133.24 in compensatory damages.

3. Respondent is liable for and shall pay to Barron statutory interest in the amount of $31,118.55.

4. Respondent is liable for and shall pay to HBY Trust statutory interest in the amount of $27,656.41.

5. Respondent is liable for and shall pay to Claimants the sum of $258,775.00 in attorneys' fees, allocated among Claimants in proportion to their respective compensatory damages plus interest awards, pursuant to MCL 451.2509 of the Michigan Uniform Securities Act.

6. Respondent is liable for and shall pay to Claimants the sum of $10,582.73 in costs, allocated among Claimants in proportion to their respective compensatory damages plus interest awards.

7. Respondent is liable for and shall pay to Claimant $300.00 to reimburse Claimant for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services.

5. On January 29, 2021, FINRA delivered the Arbitration Award rendered by the arbitration panel through the FINRA-DR Portal.

## PARTIES

8.  Howard Barron ("Mr. Barron") is a resident and citizen of the State of Michigan.

9.  Howard B. Young, as trustee of the Restated Howard B. Young Revocable Trust Dated 6/28/93 ("Mr. Young") is a resident and citizen of the State of Michigan.

10. Arete is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

11. Arete conducts business in Michigan, and its resident agent in this State is Cogency Global Inc., whose Michigan address is 229 Brookwood Dr., Suite 14, South Lyon, Michigan 48178.

12. Upon information and belief, Arete's members are Joshua Rogers ("Rogers"), UnBo Chung ("Chung"), David Hock ("Hock"), Corrie Scoby ("Scoby") and Old Growth Capital, LLC ("OGC").

13. Upon information and belief, Rogers and Chung are residents and citizens of the State of Illinois.

14. Upon information and belief, Hock is a resident and citizen of the State of Oregon.

15. Upon information and belief, Scoby is a resident and citizen of the State of Tennessee.

5

16. Further, while the identity of OGC's member(s) is not publicly available, Petitioners' search yielded no information reflecting that any member of OGC is a citizen of the State of Michigan. To the contrary, public searches showed physical addresses for OCG in Florida and Louisiana.

17. Accordingly, upon information and belief, no member of Arete (or any member(s) of such member(s)) is a citizen of the State of Michigan.

## SUBJECT-MATTER JURISDICTION

18. 28 U.S.C. § 1331(a)(1) states "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States. . . ." This Court has diversity jurisdiction over this matter because Petitioners and Respondent are citizens of different states, and the amount at issue exceeds $75,000.

## VENUE

19. Venue is proper in this district under 9 U.S.C. § 9 because the arbitration was conducted (virtually) in this District, and/or the Arbitration Award was rendered in this District. Alternatively, venue is proper in this District per 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim occurred in this District.

## COUNT I – CONFIRMATION OF THE ARBITRATION AWARD

20. Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioners may apply to this Court for an order confirming the Arbitration Award, and thereupon this Court must confirm the Arbitration Award unless the Arbitration Award is vacated, modified, or corrected as prescribed in the Federal Arbitration Act, 9 U.S.C. §§ 10 and 11. There are no grounds to vacate, modify, or correct the award.

21. The Arbitration Award is final and binding.

22. Petitioners are entitled to confirmation of the Arbitration Award and entry of final judgment in conformity with the Arbitration Award, pursuant to 9 U.S.C. § 9, which provides that a "court must grant such an order unless the award is vacated, modified, or corrected."

23. For these reasons, the Arbitration Award is ripe for summary proceedings to confirm the award. *See Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 543 (5th Cir. 1987) ("Arbitration proceedings are summary in nature to effectuate the national policy of favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)). *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984) ("[T]he confirmation of an arbitration award is a summary proceeding that merely

makes what is already a final arbitration award a judgment of the court."); *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.,* 274 F.2d 805, 808 (2d Cir. 1960) ("[T]he court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, *i.e.*, avoidance of litigation, would be frustrated.").

24. Petitioners request a final judgment confirming and adopting the Arbitration Award in its totality.

WHEREFORE, Petitioners respectfully request that this Court confirm the Arbitration Award and enter judgment in their favor and against Respondent Arete Wealth Management LLC in conformity with the Arbitration Award, plus interest until all sums are paid, attorneys' fees and costs pursuant to pursuant to § 451.2509 of the Michigan Uniform Securities Act, and all other relief deemed just and equitable.

                                Respectfully Submitted,

                                BUTZEL LONG, P.C.
By: */s/ Donald V. Orlandoni*
     Donald V. Orlandoni (P71133)
150 W. Jefferson, Ste. 100
Detroit, Michigan 48226
(313) 225-5314
orlandoni@butzel.com

LEVIN LAW, P.A.
Brian Levin (P81922) (*Not Yet Admitted*)
2665 South Bayshore Drive, PH2B
Miami, Florida 33133
(305) 539-0593
brian@levinlawpa.com

DIMOND KAPLAN & ROTHSTEIN, P.A.
Jeffrey B. Kaplan (FL039977) (*Not Yet Admitted*)
2665 South Bayshore Drive, PH2B
Miami, Florida 33133
(305) 374-1920
jkaplan@dkrpa.com

Dated: February 1, 2021

9